**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ARNULFO DOMINGUEZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MELROSE CAFE, INC. and JAMES** | ) |
| **KOUTSOUGERAS, individually** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Arnulfo Dominguez, by and through his attorneys, Becerra Law Group, LLC,

for his Complaint against Melrose Cafe, Inc., and James Koutsougeras (herein "Defendants"),

states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the   ("IMWL") for Defendant's failure to pay minimum

wages and overtime wages and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2

*et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff his earned wages at the rate agreed to

by the parties.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

### THE PARTIES

1

4.      Plaintiff Arnulfo Dominguez resides and is domiciled in this judicial district.

5.      Plaintiff Arnulfo Dominguez was employed by Defendants in this judicial district within the past three years.  During the course of his employment, Plaintiff handled goods that moved in interstate commerce.

6.       Defendant Melrose Cafe, Inc. is an Illinois corporation doing business within this judicial district. Defendant Melrose Cafe, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.      Defendant Melrose Cafe, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

8.      Defendant James Koutsougeras is the President and Secretary of Melrose Cafe, Inc. and is involved in the day-to-day business operations of corporation.  Among other things, Defendant James Koutsougeras has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

9.      Defendant James Koutsougeras was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

10.     Upon information and belief, Defendant James Koutsougeras resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

11.     Defendants operate a diner located at 3233 N. Broadway Street, Chicago, Illinois.

12.     Plaintiff worked as a dish washer for Defendants in December 2014 through

January 2015.

13.     Plaintiff was paid $400 for 54 hours of work bringing his hourly rate below the federal and state minimum wage.

14.     Plaintiff was required to work more than 40 hours per week, but was not paid the premium rate of one and one half times his regular rate for all hours worked over 40.

15.     Plaintiff was not paid for 15 days of work (two weeks of 6 days of work and an additional 3 days in another week).

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 15 of this Complaint, as if fully set forth herein.)

16.     This Count arises from Defendants violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

17.     During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiff the minimum wage as mandated by the FLSA.

18.     Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

19.     Defendants willfully violated the FLSA by not paying Plaintiff at the federal minimum wage rate.

20.     Additionally, Defendants willfully violated the FLSA by refusing to pay Plaintiff for all hours he worked.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

        A.     A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked;

B.      Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiff is found to be due and owing;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.


**COUNT II**
**Violation of the Illinois Minimum Wage Law**

(Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.)

21.      This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

22.      This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff the state-mandated minimum wage for all time he worked.

23.      During the course of his employment with Defendants, Plaintiff was compensated below the Illinois minimum wage rate.

24.      Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

25.      Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

26.      Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

4

C.     Reasonable attorneys' fees and costs of this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.)

27.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

28.     Plaintiff worked for Defendants and was Defendants' "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

29.     Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30.     During the course of his employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

31.     Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

32.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

33.      Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

34.     Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35.     Defendants' failure and refusal to pay overtime wages for time worked in excess

5

of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

(Plaintiff hereby realleges and incorporates paragraphs 1 through 35 of this Complaint, as if fully set forth herein.)

36.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

38.    At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

39.    During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

40.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

41.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

42.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

43.     Pursuant to 820 ILCS 105/12(a), Plaintiff are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate for all time which Plaintiff worked in excess of 40 hours per week;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.


**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act – Failure to Pay Wages**

(Plaintiffs hereby reallege and incorporate paragraphs 1 through 43 of this Complaint, as if fully set forth herein.)

44.     This count arises from Defendants' violation of the IWPCA.

45.     Defendants failed and refused to pay Plaintiff his earned wages for worked performed in December 2014 and January 2015 at the rate agreed to by the parties.

46.     Plaintiff was not compensated for 15 days of work (two weeks of 6 days of work and an additional 3 days in another week).

.

47.      Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the

parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of all back wages, as provided by the Illinois Wage Payment and Collection Act;

B.     Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  November 11, 2015                    **ARNULFO DOMINGUEZ**

By:  _/s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com